Joseph A. ALBERTI, et al., Plaintiffs,

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. A. No. 84–0888.
Misc. No. 84–0310.

United States District Court,
District of Columbia.

Jan. 16, 1985.

See also D.C., 600 F.Supp. 1024.

Lowell E. Sachnoff, Sachnoff, Weaver & Rubenstein, Chicago, Ill., Timothy J. Bloomfield, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for plaintiffs.

Jeffrey S. Davidson, Kirkland & Ellis, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This purported class action is brought by purchasers of 1980 General Motors Corporation X-cars to recover damages for breach of warranty for the allegedly defective braking system with which the vehicles were equipped when first offered for sale to the public. The matter is presently before the Court on motion of defendant General Motors Corporation ("GM") to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons set forth below, defendant's motion will be denied.

GM contends that plaintiffs' complaint falls short of the jurisdictional prerequisites of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301 *et seq.* ("Magnuson-Moss" or "the Act"), for such actions, as class actions, in federal courts, in that there are not at least 100 plaintiffs named who can plead valid warranty claims. *See* 15 U.S.C. § 2310(d)(3)(C). Defendant maintains that 72 of the 127 named plaintiffs (or plaintiff-couples) do not allege that they experienced any difficulty with their automobiles during the 12 month/12,000 mile express written warranty extended by GM to purchasers of its 1980 X-cars, and that the implied warranty claims of 51 of the plaintiffs do not satisfy the privity-of-contract rules of their several states with respect to their right to maintain such an action against GM. Moreover, GM argues, an indeterminate number of plaintiffs have not properly alleged, as required by 15 U.S.C. § 2310(e), that GM has been afforded "reasonable opportunity to cure" the alleged defect before suit was brought. Finally, the argument concludes, as the federal claims fall, so also must the pendent state common law claims for lack of an independent basis of federal jurisdiction, thus requiring that the complaint be dismissed in its entirety.

The Magnuson-Moss Act creates a federal remedy for aggrieved purchasers of consumer products. However, the Act severely limits the consumers' access to a federal forum by providing that such claims are not cognizable in federal court:

(A) If the amount in controversy of any individual claim is less than the sum or value of $25;

(B) If the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit; or

(C) If the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3). The purpose of such strict jurisdictional limitations, it appears, was to prevent flooding the federal courts with trivial consumer complaints overblown into federal class actions. *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1520 (D.D.C.1984) (*citing* H.R.Rep. No. 93–1107, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News at 7702); *Novosel v. Northway Motor Car Corp.*, 460 F.Supp. 541, 543 (N.D.N.Y.1978).

GM does not, at least at the moment, dispute that the complaint as drawn fully satisfies the first two requirements set out

in subparagraphs (A) and (B) of section 2310(d)(3). It asserts, however, that plaintiffs' number must be reduced by those whose braking problems first manifested themselves after the expiration of the manufacturer's express warranty limits, and, because the implied warranty claims available under the Act are defined as those arising pursuant to "an implied warranty arising under state law," 15 U.S.C. § 2301(7), by those whose states' privity requirements would place GM beyond the reach of their implied warranty claims.

Defendant places chief reliance on *Walsh v. Ford Motor Co., supra,* in support of its argument that plaintiffs have failed to assemble the 100 or more of their kind having viable warranty claims necessary to jurisdiction under the Act. In *Walsh* the court held that, in order to present a claim to be validly counted toward the Magnuson-Moss Act's minimum numerical requirement for class action status, each alleged defect must have been discovered within the express warranty period prescribed by the manufacturer. 588 F.Supp. at 1536. To hold otherwise, the court reasoned, would be to enable a "latent defect" theory to be used to circumvent altogether the manufacturer's limits on its express warranty and "place an undue burden on the manufacturer. [It] would, in effect, be obliged to insure that a vehicle it manufactures is defect-free for its entire life." *Id.; accord, Abraham v. Volkswagen of America, Inc.,* 103 F.R.D. 358, 362 (W.D.N.Y.1984).

■■ The reasoning of *Walsh* is not, however, applicable to the present case. Plaintiffs here contend that GM knew the X-car braking system of its X-cars concentrated excess braking force on the rear axle at the time the vehicles left the assembly line but nevertheless failed either to rectify the sit-

uation or to disclose it to their purchasers. Complaint ¶¶ 8, 12–16. Thus, plaintiffs charge, the defect did not remain "latent" until the vehicles first exhibited control problems for the drivers, but, rather, was patent—at least to GM—in the sense that, as each automobile was sold, it exposed the owner (and the public) to the potential of a loss of vehicle control.[1] It was the time of the sales, therefore, that plaintiffs maintain the loss for which they make claim here—the diminished value of the cars they purchased—was incurred, for it was then that GM broke its warranty that the brakes would function safely, and that the automobiles were merchantable and fit for the purpose of providing the ordinary transportation plaintiffs expected of them.

■■ It appearing, therefore, that there are at least 100 plaintiffs here who, as purchasers of new X-cars, allege viable express warranty claims, it becomes unnecessary to decide, for purposes of the instant motion, whether certain implied warranty claims which arguably fail to meet state privity-of-contract rules must be subtracted in calculating the required numerosity of the plaintiff class representatives. For, as the court stated in *Walsh:*

> Although ... claims for breach of implied warranty are separate and distinct causes of action, [the court] fails to see why that would require a plaintiff to assemble 100 or more individuals on each claim, before jurisdiction would take hold.
>
> \* \* \* \* \* \*
>
> The statute definitively requires that there be 100-named plaintiffs per "class action" and not per "Count."

588 F.Supp. at 1538. *See also, Abraham v. Volkswagen of America, Inc., supra,* at 361.[2]

---

**1.** *Compare Keene Corp. v. Insurance Co. of North America,* 667 F.2d 1034 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1007, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982), where, in determining the rights and obligations of insurors regarding insured manufacturers' liability for asbestos-related diseases, the Court of Appeals held that both exposure to asbestos fibers and manifestation of the disease many years later triggered coverage

under the various policies, notwithstanding the finite limits of the policies themselves.

**2.** Similarly, plaintiffs' allegation that GM knew of the alleged defects at the time of sale disposes of defendant's argument that plaintiffs have failed to meet the "opportunity to cure" requirement of 15 U.S.C. § 2310(e).

For the foregoing reasons, therefore, it is, this 16th day of January, 1985,

ORDERED, that defendant's motion to dismiss is denied.

The existence of any systemic deficiency of the braking mechanism and the extent of GM's knowledge thereof are, of course, factual questions lying at the heart of this dispute. While the burden of proof on plaintiffs is substantial, the allegations of the complaint are adequate to raise disputed issues of fact, making dismissal under Fed.R.Civ.P. 12(b)(1) improper at this time. *See Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 1010, 91 L.Ed. 1209 (1946); *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 362–63 & n. 13 (D.C.Cir.1982).