767 F.2d 442
 George J. DORN, Appellant,
v.
The STATE BANK OF STELLA, a corporation; Richard McMullen;
Andrew McMullen; Jasmine McMullen; The Travelers Insurance
Company; Edward L. Bischoff; Alan Loftis; George Nelson;
and R.L. Buzard, Appellees.
 No. 85-1073.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 8, 1985.
Decided July 5, 1985.
 
 George J. Dorn, pro se.
 John P. Heil, Omaha, Neb., for appellee State Bank of Stella.
 Gregory W. Searson, Omaha, Neb., for appellee Travelers, et al.
 Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 George J. Dorn appeals pro se from the district court's[1] denial of his motion for leave to file an amended complaint. Dorn initially brought this action against The State Bank of Stella (State Bank), The Travelers Insurance Company (Travelers), and several of its officers seeking to avoid all mortgages, liens, judgments and security interests Travelers and State Bank hold on his property; recoupment of all interest and finance charges paid to them; and actual and punitive damages. Dorn contends, inter alia, that State Bank and Travelers violated the Truth in Lending Act, 15 U.S.C. Secs. 1601 et seq., and numerous other statutory and constitutional provisions. We affirm.
 
 
 2
 The district court dismissed Dorn's initial complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) on August 24, 1984. On September 6, 1984 Dorn filed a motion to vacate judgment which the court denied on September 7. Dorn did not appeal.
 
 
 3
 On November 21, 1984 Dorn filed a motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a) on the basis of newly discovered evidence. Dorn, in his amended complaint, incorporated much of the language from his earlier complaint and cited additional statutes and constitutional amendments as bases for jurisdiction. He also attached to the complaint additional exhibits of earlier loan transactions with State Bank.
 
 
 4
 The district court's denial of Dorn's motion for leave to file an amended complaint was entirely proper. Dorn did not file his motion until approximately three months after the district court entered its judgment of dismissal. Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. See, e.g., Wright v. Anthony, 733 F.2d 575, 577 (8th Cir.1984); Hinton v. CPC International, Inc., 520 F.2d 1312, 1314 (8th Cir.1975). After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates. Czeremcha v. International Association of Machinists and Aerospace Workers, 724 F.2d 1552, 1556 (11th Cir.1984). Although a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate "if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Czeremcha, 724 F.2d at 1556, n. 6. Here, the district court's order of August 24, 1984 dismissed the complaint on its merits and did not grant Dorn leave to amend.
 
 
 5
 It is possible, of course, to give relief from a final judgment of dismissal under Fed.R.Civ.P. 60(b), but where, as here, the motion for leave fell short of meeting the requirements of that rule in any real sense, and where, as here, the amended complaint added little, if any, of substance to the original complaint, it was not error for the district court to deny leave to amend three months after final judgment. Assuming that in present circumstances the district court had authority to grant leave to amend, its refusal to do so would be reversed only for abuse of discretion. See Holloway v. Dobbs, 715 F.2d 390, 392 (8th Cir.1983) (per curiam), and cases there cited. We find no such abuse here.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable C. Arlen Beam, United States District Judge, District of Nebraska