Robert W. YOST, individually and on behalf of all others similarly situated, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 85–4813 (SSB).

United States District Court, D. New Jersey.

Nov. 3, 1986.

Amended Order Nov. 24, 1986.

John A. Yacovelle, Somerdale, N.J., for plaintiff.

Carpenter, Bennett & Morrissey by M. Sheila Jeffrey, Newark, N.J., for defendant.

OPINION

BROTMAN, District Judge:

Plaintiff Robert W. Yost ("Yost") originally brought this action against General Motors Corporation ("GM") alleging violations of the federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the New Jersey Racketeering Act, N.J.S.A. 2C:41–1 *et seq.*, and breaches of warranties. He initially sought certification of a plaintiff class of all owners of Cadillacs produced from 1982 to 1984. The case was removed to federal court.

GM moved to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted Fed.R.Civ.P. 12(b)(6). In the opinion and order of July 8, 1986 ("Opinion"), this court reluctantly denied defendant's motion. The court expressed grave doubt as to whether Yost had any case against GM but gave Yost a final chance to amend his complaint to state a claim.

Plaintiff filed a second amended complaint on July 28, 1986 alleging only two counts: one for breach of warranty, the other for common law fraud. The class he now seeks to certify is: purchasers and/or owners of all Cadillacs fitted with HT4100 engines. Yost withdrew the federal claims and now explicitly states that the amount in controversy for each individual plaintiff is less than $10,000.

Presently before the court are two motions. Defendant GM moves again to dismiss for not stating a claim upon which relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6). Plaintiff opposes that motion and moves to remand to state court.

*Factual Background*

Plaintiff purchased a new 1984 Cadillac Eldorado equipped with a 4.1 liter V8 (HT4100) engine from Colonial Cadillac in Trenton, New Jersey. Plaintiff alleges that "[i]n defendant's HT4100 engines, oil and water and/or coolant tend to mix in the crankcase." Second Amended Complaint at para. 7. The first count alleges a breach of warranty because if this leak occurs, it is "likely to cause major if not irreparable engine damage ... and may create potential safety hazards." The second count alleges common law fraud arguing that defendant knew of the design defect, did not disclose it, and made misrepresentations about the vehicles containing the defective engine. The damage alleged is that plaintiff's car lost a portion of its value in the used car market.

*Standard for Review of Motion to Dismiss*

Dismissal of a complaint for failure to state a claim is permissible only when it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44–45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Bryson v. Brands Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980); Fed.R.Civ.P. 12(b)(6). In a motion to dismiss, the court must view plaintiffs' allegations in the light most favorable to them, and draw all reasonable inferences in their favor. *Bryson, supra; Mortensen v. First Federal Savings and Loan Assn.*, 549 F.2d 884, 891 (3d Cir.1977) (*remanded*). Despite the liberal pleading requirements, however, the court need only accept the truth of facts—"conclusory allegations, unsupported by facts, cannot withstand a motion to dismiss." *See County of Cook v. Midcon Corp.*, 574 F.Supp. 902, 920 (N.D.Ill.1983), *aff'd*, 773 F.2d 892 (7th Cir.1985) (Plaintiff failed to allege sufficient injuries to sustain RICO claim).

*Analysis*

The basic problem in this case is that plaintiff Yost has not alleged that he has suffered any damages. He has not stated that the engine in his vehicle is defective in any way. All he is able to allege is that the potential leak is "likely" to cause damage and "may" create potential safety hazards.

■ Damage is a necessary element of both counts—breach of warranty and common law fraud. Regarding the first count, the court in its July 8, 1986 opinion stated, "The amended complaint as it now stands does not allege sufficient facts to support a finding of a breach of warranty." Count one of the second amended complaint does not add any new facts to correct the deficiency and must therefore be dismissed with prejudice.

The second count, for common law fraud, is also deficient in that it merely contains general conclusory allegations. Plaintiff states that GM "represented" that Cadillacs are "luxury cars" and have a "predicted life expectancy under normal conditions well in excess of 100,000 miles." Plaintiff asserts that he relied on these representations and has suffered damage in that the Cadillacs with HT4100 engines lost a substantial portion of their value in the used car market. (Second Amended Complaint, Second Count para. 6).

■ Because fraud is a conclusion of law, it may not be charged in general terms. A plaintiff must "inject precision and some measure of substantiation into [his] allegations of fraud." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984); *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). The pleadings must state—with particularity—facts showing the fraud, reliance and facts showing damage. *Hyland v. Kirkman*, 157 N.J.Super. 565, 584, 385 A.2d 284, 294 (Ch.Div.1978). Plaintiff fails to allege that the statements made by GM were in fact false. In addition, plaintiff fails to plead facts to show that he relied to his detriment on any such representations. Plaintiff has not apparently attempted to sell his car in the used car market and simply asserts the bald conclusion that its value in that market has decreased.

Plaintiff simply does not allege the requisite elements of fraud, let alone with the particularity required of Fed.R.Civ.P. 9(b). Plaintiff's First Amended Complaint was found to be "insufficient to permit the in-ference of mail fraud and satisfy the particularity requirement of Fed.R.Civ.P. 9(b)." Opinion at 5. The second count of his Second Amended likewise fails to plead common law fraud with sufficient particularity.

The court will thus grant defendant GM's motion and dismiss both counts with prejudice.

## AMENDED ORDER

This matter having been brought before the court on defendant's motion to dismiss plaintiff's second amended complaint and plaintiff's motion to remand; and,

This court having reviewed the submissions and arguments of the parties; and,

The court having entered an order and opinion filed November 3, 1986,

It is ordered that the court order filed November 3, 1986, is hereby vacated; and,

For the reasons set forth in this court's opinion filed November 3, 1986,

IT IS on this 21st day of November, 1986, hereby ORDERED that:

1. The motion of defendant General Motors Corporation to dismiss the second amended complaint of plaintiff Robert W. Yost is hereby GRANTED with prejudice.

2. The motion of plaintiff Robert W. Yost to remand is hereby DENIED.

3. No costs.