### In re GENERAL MOTORS CORPORATION ANTI–LOCK BRAKE PRODUCTS LIABILITY LITIGATION.

#### No. MDL–1129.

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 1, 1997.

Jesse Rucker Pierce, Clements O'Neil, Pierce & Nickens, Houston, TX, for Plaintiff.

Cynthia Lea Jones, Funderburk & Funderburk, Houston, TX, Anthony F. Shelley, Miller and Chevalier, Washington, DC, for Defendant.

Marsha S. Edney, Department of Justice, Washington, DC, for Movant Office of Personnel Management.

## ORDER

NANGLE, District Judge.

Before the Court is plaintiffs' motion to amend judgment and to file an amended complaint pursuant to Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 15(a). For the reasons set forth below, plaintiffs' motion to amend judgment and to file an amended complaint is denied.

## I. BACKGROUND

On October 8, 1996, the Judicial Panel on Multidistrict Litigation transferred six actions to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Several tag-alongs followed. Plaintiffs filed a Consolidated and Amended Class Action Complaint ("Plaintiffs' Complaint" or "Original Complaint") on January 13, 1997.[1] Plaintiffs' Complaint alleged that General Motors ("GM") and Kelsey–Hayes ("KH") jointly designed a dangerously defective anti-lock brake system ("ABS"), knew the ABS was defective, concealed this information from the public and promoted the ABS as a highly effective safety device.

Plaintiffs asserted six causes of action, five against both defendants and one solely against GM. The five claims against both defendants were for fraudulent misrepresentation, fraudulent concealment, breach of implied warranty, violation of state consumer protection statutes and, on behalf of a subclass, breach of implied warranty. The claim solely against GM was for breach of express warranty and/or breach of contract. Plaintiffs' Complaint explicitly disclaimed "any intent to seek in this suit any recovery for personal injuries or property damage suffered or which may be suffered by any Class member." (Plaintiffs' Complaint at ¶ 21).

Each defendant filed a motion to dismiss, which this Court granted in a June 11, 1997 Order ("Order"). In the Order, Plaintiffs' Complaint was dismissed pursuant to Fed. R.Civ.P. 12(b)(6) for failure to allege manifestation of a defect and for failure to adequately allege damages. Plaintiffs' Complaint was also dismissed for the following reasons. Plaintiffs' claims for breach of express warranty failed to state a claim because they were based on puffery, because plaintiffs failed to allege many of the statements were false and because the written warranties did not promise that the vehicles would be free

---

1. Plaintiffs defined the purported class to include: "All persons or entities residing in the United States who own or lease a model-year 1989–1996 GM vehicle equipped with an ABS system fabricated by Kelsey–Hayes, excluding defendants and their parents, subsidiaries, affiliates and authorized dealers." (Plaintiffs' Complaint at ¶ 20(a)).

of defects. Plaintiffs' claims for breach of implied warranty were dismissed because plaintiffs failed to allege facts which demonstrated that the vehicles were unfit for providing transportation; the breach of implied warranty claim against defendant KH was also dismissed because implied warranty liability does not extend to remote manufacturers of component parts. Plaintiffs' claims for fraudulent misrepresentation and fraudulent concealment failed to state a claim because the claims were based on puffery, because the claims were not pled with the specificity required under Fed.R.Civ.P. 9(b) and because defendants did not have a duty to disclose. Plaintiffs' claims under state consumer protection statutes were dismissed because they were based on puffery, because some of them were patently deficient and because they were not pled with the specificity required under Rule 9(b). The Order dismissed Plaintiffs' Complaint without leave to amend, because plaintiffs had not requested leave to amend nor had they indicated how they would overcome the flaws in the Original Complaint.

On June 25, 1997, plaintiffs timely filed their motion to amend judgment and to file an amended complaint. Plaintiffs have submitted a proposed amended Second Complaint ("Second Complaint"), which they argue addresses the defects in the Original Complaint. Defendants object to plaintiffs' motion, arguing that plaintiffs have not shown that the judgment should be altered and that the Second Complaint is futile because it still contains the fundamental flaws of the Original Complaint.

## II. *ANALYSIS*

■ A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *See Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988). It is not appropriate to use a Rule 59(e) motion "to repeat arguments or to raise new arguments that could have been made before judgment." *Colfax Corp. v. Illinois State Toll Highway Auth.,* 1995 WL 221781, *1 (N.D.Ill.1995) (citing *Publishers Resource*

*Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985)). District courts have broad discretion when deciding whether or not to grant a motion to amend judgment. *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993) (holding district court will not be reversed unless it has abused its discretion).

A complaint cannot be amended after dismissal unless the court first re-opens the judgment under Rule 59 or 60, and then determines that amendment is warranted. *See First Nat'l Bank of Louisville v. Continental Illinois Nat'l Bank & Trust Co. of Chicago,* 933 F.2d 466, 468 (7th Cir.1991); *National Petrochemical Co. v. M/T Stolt Sheaf,* 930 F.2d 240, 244–45 (2d Cir.1991). Although leave to amend a complaint should be granted liberally when the motion is made pretrial, "different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella,* 767 F.2d 442, 443 (8th Cir. 1985). After a complaint has been dismissed, "the right to amend under Fed.R.Civ.P. 15(a) terminates." *Id.* A court may still grant leave to amend, but it "does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if . . . no valid reason is shown for the failure to present the new theory at an earlier time." *Humphreys v. Roche Biomedical Labs., Inc.,* 990 F.2d 1078, 1082 (8th Cir.1993) (quoting *Littlefield v. City of Afton,* 785 F.2d 596, 610 (8th Cir.1986)). It is also not an abuse of discretion for a court to refuse to grant leave to amend after dismissal if the amendment would be futile. *See Niagara of Wisconsin Paper Corp. v. Paper Indus. Union–Management Pension Fund,* 800 F.2d 742, 749 (8th Cir.1986).

■ Plaintiffs have not shown that a manifest error of law or fact has been committed, nor have they come forward with any newly discovered evidence to justify amendment or alteration of the judgment. Even if plaintiffs could show that amendment or alteration of the judgment is warranted, however, they have failed to show that amendment of the pleadings is justified. They have also failed to give a good reason for delaying

their request to amend until after judgment.[2] In their Second Complaint, plaintiffs have merely made perfunctory changes and have not addressed significant aspects of this Court's Order. Plaintiffs have attempted to cure the defect in their pleading of damages by alleging that some of the named plaintiffs in this case have "suffered an accident" and traded in their vehicles at a loss.[3] (Second Complaint at ¶¶ 9, 10, 12, 13, 14). Plaintiffs have made no changes to the allegations of damage for six of the named plaintiffs and still attempt to allege a class of *all* owners of the allegedly defective vehicles (*Id.* at ¶¶ 11, 15, 16, 17, 22), despite this Court's clear ruling that owners whose vehicles have never manifested the defect fail to state a claim. Plaintiffs have also added additional named plaintiffs without obtaining or even requesting leave of court pursuant to Fed.R.Civ.P. 21. (Id. at ¶¶ 9, 12, 13). For these reasons, the Second Complaint would not cure plaintiffs' failure to adequately plead damages.

Plaintiffs' Second Complaint also fails to cure the prior inadequacies because it does not address any of the alternative grounds given for dismissal of the Original Complaint, namely: (1) plaintiffs' reliance on puffery as the basis for their express warranty, fraudulent misrepresentation, fraudulent concealment and state consumer fraud claims; (2) the dearth of legal authority to justify an extension of warranty liability to a remote manufacturer of a component part such as KH; (3) the failure to allege facts which demonstrate the vehicles are unfit for providing transportation; and (4) the patent deficiencies of the state consumer claims under the Mississippi, California and Texas stat-

utes. Plaintiffs' Second Complaint also attempts to change theories of recovery post-judgment by alleging a new claim that GM "refused to honor its warranties to repair or replace the defective brakes" (Second Complaint at ¶¶ 108, 111) and by seeking to recover for property damage resulting from the alleged accidents (*Id.* at ¶¶ 9, 12, 13, 14, 23), when the Original Complaint disclaimed any intent to seek recovery for such damage. (Plaintiffs' Complaint at ¶ 21 ).

Plaintiffs have not come forward with *any* reasons, much less convincing ones, which demonstrate that this Court should re-open its judgment. Because plaintiffs have failed to do so, their motion to amend is moot. *See First Nat'l Bank of Louisville*, 933 F.2d at 468. Even assuming, however, that the judgment should be re-opened, plaintiffs' Second Complaint does not cure the defects of the original Complaint, making any amendment of the pleadings futile. *See Niagara of Wisconsin Paper Corp*, 800 F.2d at 749. Plaintiffs' Second Complaint is merely a thinly disguised attempt to change theories after an adverse judgment. Rule 59(e), however, was not created for such a purpose. *See Humphreys*, 990 F.2d at 1082. Plaintiffs' counsel made informed strategic choices,[4] the consequences of which they are now attempting to escape. A district court is not required to "subject itself to the presentation of theories seriatim." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir.1993). Plaintiffs have not shown a manifest error of law or fact, nor have they presented newly discovered evidence to justify re-opening the judgment in this case, making plaintiffs' motion to

---

**2.** Plaintiffs' proffered justification for delay, that "they believed that an amended pleading, if any, should be filed in order to address the Court's rulings, rather than the multitude of arguments raised by the defendants," is untenable. (Memorandum in Support of Plaintiffs' Motion for Leave to Amend Judgment and to File Amended Complaint at 3). Plaintiffs cannot avoid the consequences of their tactical decisions by attempting to use Rule 15(a) post-judgment, but, rather plaintiffs must "anticipate the possibility of losing, and act accordingly." *First Nat'l Bank of Louisville,* 933 F.2d at 469.

**3.** The Court questions the sufficiency of these additional allegations of damage, noting that the

phrase "suffered an accident" is as conclusory as plaintiffs prior allegation that their vehicles "suffer from the defects" and believes that it would be extremely difficult to prove that a loss on trade in value was caused by the alleged defect.

**4.** These choices include the choice not to assert damages with greater specificity despite one transferor court's order to do so, *Hubbard v. General Motors,* 1996 WL 274018, *3 (S.D.N.Y. 1996), the choice to disclaim recovery for economic harm and the choice not to seek recovery for GM's alleged failure to repair or replace. Plaintiffs do not and could not assert that they were unaware of these options much earlier in this litigation.

amend moot. *See Hagerman*, 839 F.2d at 414. Further, granting plaintiffs' motion to amend would be futile because plaintiffs' Second Complaint contains the same flaws as the Original Complaint.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion to amend judgment and to file an amended complaint be and is denied.