# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3506

_____

FREDERICK R. BRIEHL; GARY     *
ENDRES; STEPHANIE ENDRES;     *
STEPHEN L. HUBBARD; SYLVIA M. *
MALON; ALEX H. OPAL; DAVID     *
ROBERTS; RENEE ROBERTS;     *
PAUL D. HILLMAN; BARBARA     *
GREEN; BRUCE LAIRD; STEPHEN     *
D. FARRINGTON; PATRICIA     *
FARRINGTON; ERIC D. ICENOGLE; *
STACY L. LARSEN; VICKIE     *
HOLZER; MARCIA WILSON;     *
LAWRENCE E. WILSON; VERNON     *
YOUNG; ELIZABETH YOUNG;     *
GEORGE WERTHWEIN; GERALD     *
BRADBERRY; CAMILLE B.     *
KLAMECKI; TOMMIE D. ERVIN;     *
SHARON N. NAYLOR; MARY GILL; *
JUANITA WELLS; BARRY ROSS,     *
    *
        Plaintiffs/Appellants,     *   Appeal from the United States
    * District Court for the Eastern
        v.     * District of Missouri
    *
GENERAL MOTORS     *
CORPORATION; KELSEY-HAYES     *
COMPANY,     *
    *
        Defendants/Appellees.     *
    *
    *
_____     *
    *

PRODUCT LIABILITY                      *
ADVISORY COUNCIL, INC.,                *
                                       *
          AMICUS CURIAE                *

———————

Submitted:  May 11, 1998
    Filed:   April 14, 1999

———————

Before BEAM and MURPHY, Circuit Judges, and MELLOY,[1] Chief District Judge.

———————

Melloy, Chief District Judge.

The Plaintiffs, a purported class of General Motors car, truck, and sport utility vehicle (SUV) owners, brought a class action against General Motors (GM) and Kelsey Hayes (KH). GM manufactures the vehicles and KH manufactures one of the vehicles' component parts, the anti-lock braking systems (ABS). The Plaintiffs advanced six claims in the District Court, five against both GM and KH, and one solely against GM. The Plaintiffs raised claims against both GM and KH for (1) fraudulent misrepresentation, (2) fraudulent concealment, (3) breach of implied warranty, (4) violation of state consumer protection statutes, and on behalf

———————

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

2

of a subclass,[2] (5) breach of implied warranty. The Plaintiffs also raised claims for breach of express warranty and/or breach of contract solely against GM. The District Court[3] granted GM's and KH's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *In re Gen. Motors Anti-Lock Brake Prod. Liab. Litig.*, 966 F.Supp. 1525, 1537 (E.D. Mo. 1997). Following the dismissal, the Plaintiffs filed a motion to amend the judgment under Rule 59 along with an amended complaint designed to address the deficiencies identified by the District Court. The District Court denied the Rule 59 motion. *In re Gen. Motors Anti-Lock Brake Prod. Liab. Litig.*, 174 F.R.D. 444, 448 (E.D. Mo. 1997). Both rulings were appealed. We affirm.

## I. BACKGROUND

On October 8, 1996, the Judicial Panel on Multidistrict Litigation (MDL Panel) transferred six actions[4] to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 (1998).[5]

---

[2]The purported subclass is defined as "[a]ll class members who own or lease a model year 1992 to 1994 [Chevrolet] Suburban vehicle."

[3]The Honorable John F. Nangle, Senior District Judge, Eastern District of Missouri.

[4]The original actions commenced in the Southern District of Florida, the Central District of Illinois, the Southern District of Mississippi, the Eastern District of Missouri, the Southern District of New York, and the Southern District of Texas.

[5]Section 1407 states, in pertinent part: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may

Several "tag-along" actions followed the initial six. After the MDL Panel transferred the cases to Missouri, the Plaintiffs filed a Consolidated and Amended Class Action Complaint ("Original Complaint")[6] which alleged that GM and KH jointly designed a dangerously defective ABS system, knew that the brakes were defective, concealed this information from the public, and promoted the ABS as a highly effective safety device.

The Plaintiffs maintain that the ABS system is defective because it "performs in a manner completely counter-intuitive to how an average driver is conditioned to respond when a hard braking maneuver is attempted." The Plaintiffs assert that when the driver applies pressure on the brakes in an effort to slow or stop the vehicle during an emergency, the brake pedal will "fall rapidly and without warning to the floor of the vehicle." The Plaintiffs have labeled this occurrence "the pedal-to-the-floor" phenomenon.

It is not necessary to disassemble the ABS in order to ascertain the nature of the alleged defect. A reasonable inspection of the driving characteristics of an ABS-equipped vehicle will reveal the tendencies of ABS braking. The Plaintiffs

---

be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

[6]Plaintiffs defined the purported class to include: "All persons or entities residing in the United States who own or lease a model-year 1989-1996 GM vehicle equipped with an ABS system fabricated by Kelsey-Hayes, excluding defendants and their parents, subsidiaries, affiliates and authorized dealers."

insist that the "pedal-to-the-floor" phenomenon causes the average driver to perceive an actual brake failure and misapply the brakes during emergencies where braking is required. The Plaintiffs do not allege that the ABS is incapable of stopping the vehicles or that ABS has violated any national safety standards. The Plaintiffs claim that the "pedal-to-the-floor" phenomenon constitutes a defect because the performance of the brakes causes drivers to react a certain way, and since GM and KH failed to inform GM vehicle owners of the allegedly unsafe condition, GM and KH have damaged the Plaintiffs.

The Original Complaint explicitly disclaimed any intent to seek recovery for personal injuries or property damage suffered, or which may be suffered, by any class member. The Original Complaint alleged that because the ABS was defective, the Plaintiffs' vehicles experienced decreased resale value and were worth less than the Plaintiffs had paid. Thus, the Plaintiffs claim damages solely for (1) lost resale value and (2) overpayment for the vehicles at the time of purchase.

GM and KH each moved to dismiss the Original Complaint. On June 11, 1997, the District Court dismissed the Original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to allege manifestation of a defect and for failure to adequately allege damages. In the Order, the District Court also described additional reasons why each claim was legally deficient.

On June 25, 1997, the Plaintiffs filed a timely motion to amend the

judgment and sought leave to file an amended complaint under Fed. R. Civ. P. 59.[7] The Plaintiffs argued that the proposed amended Second Complaint ("Second Complaint") adequately addressed the deficiencies of the Original Complaint. GM and KH objected to the Plaintiffs' motion and argued that the Plaintiffs failed to show that the judgment should be altered. GM and KH also argued that the Second Complaint was futile because it still contained the fundamental flaws of the Original Complaint. The District Court agreed with GM and KH, and on August 1, 1997, the District Court denied the motion to amend.

The District Court stated that since the Plaintiffs failed to show manifest errors of law or fact and failed to present newly discovered evidence, the Rule 59 motion was without merit. Nonetheless, the District Court examined the substantive changes in the Second Complaint. The District Court found that the Plaintiffs' Rule 59 motion was moot because the Second Complaint failed to cure the deficiencies of the Original Complaint. Finally, the District Court noted that the Plaintiffs failed to proffer any good reason for delaying their request to amend the pleadings until after the dismissal. The Plaintiffs have appealed the District Court's Order on all points to this Court.

## II. ANALYSIS

---

[7]Rule 59(a) states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which new trials have heretofore been granted in actions at law in the courts of the United States . . ." Fed. R. Civ. P. 59.

The Court of Appeals reviews *de novo* the District Court's dismissal of an action for failure to state a claim under Rule 12(b)(6). *Four T's, Inc. v. Little Rock Mun. Airport Comm'n*, 108 F.3d 909, 912 (8th Cir. 1997). Allegations should be construed in favor of the pleader. *County of St. Charles, Mo. v. Mo. Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 71 (1984). At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

### A. Failure to Plead Damages

The District Court dismissed the Plaintiffs' Original Complaint because the Plaintiffs did not adequately plead damages. Since the Plaintiffs failed to allege that any defect had actually manifested itself in their vehicles, the Plaintiffs' allegations of damages failed to meet the pleading requirements for defective products. The District Court concluded that the Plaintiffs' statement that their vehicles "suffer from defects" constituted an insufficient allegation of damages. The Court held that the defect must manifest itself in the Plaintiffs' vehicles before the Plaintiffs could recover from GM or KH.

Courts have been particularly vigilant in requiring allegations of injury or damages in products liability cases. *Lee v. General Motors Corp.*, 950 F.Supp. 170, 171-74 (S.D. Miss. 1996) (dismissing plaintiff's claims of inherently

7

defective detachable fiberglass roofs for failure to plead sufficient damages); *Yost v. General Motors Corp.*, 651 F.Supp. 656, 657-58 (D. N.J. 1986) (holding that complaint alleging design defect "likely to cause" damage failed to state a claim); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F.Supp. 595, 603 (S.D.N.Y. 1982) (holding no cause of action for defect which never manifests itself); *Pfizer v. Farsian*, 682 So.2d 405, 407 (Ala. 1996) (holding that a plaintiff's belief that a product could fail in the future is not, without more, a legal injury sufficient to support plaintiff's claim); *Khan v. Shiley Inc.*, 217 Cal.App.3d 848, 857 (1990) (holding plaintiff with inherently defective heart valve failed to state a claim unless the valve malfunctioned); *Zamora v. Shell Oil Co.*, 55 Cal.App.4th 204, 208 (1997) (holding that, in the absence of a product malfunction, a plaintiff cannot establish that a defendant breached any duty owed); *Verb v. Motorola, Inc.*, 672 N.E.2d 1287, 1295 (Ill. App. 1996) (dismissing claims against cellular telephone manufacturers alleging potential safety defects because "plaintiffs' future personal injury and damages claims constitute conjecture and speculation"). As one court has stated, "[l]iability does not exist in a vacuum; there must be a showing of some damage . . . ." *Feinstein*, 535 F.Supp. at 602. "It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997); *see also Martin v. Ford Motor Co.*, 914 F.Supp. 1449, 1453 (S.D. Tex. 1996) (stating that where plaintiffs admittedly have not sustained any personal injuries relating to the seat belt restraint system in a vehicle, plaintiffs cannot succeed on any of their claims); *Yost*, 651 F.Supp. at 657-58 ("The basic problem in this case is that plaintiff Yost has not alleged that he has suffered any damages.

He has not stated that the engine in his vehicle is defective in any way.").

In this case, the Plaintiffs have not alleged that their ABS brakes have malfunctioned or failed. In fact, the Plaintiffs affirmatively state that their purported class excludes any claim for personal injury or property damage caused by brake failure. The Plaintiffs' ABS brakes have functioned satisfactorily and at no time have the brakes exhibited a defect. Under each of the theories the Plaintiffs invoke in the Original Complaint, damages constitutes an essential element of the cause of action. *Weaver*, 172 F.R.D. at 99-100 (claims for breach of warranty, fraud, and violation of state consumer protection statute dismissed for failure to plead damages); *Martin*, 914 F.Supp. at 1455 (same); *Carlson v. General Motors Corporation*, 883 F.2d 287, 296 (4th Cir. 1989), *cert denied*, 495 U.S. 910 (1990) (claim for breach of implied warranty of merchantability dismissed for failure to plead damages). Where, as in this case, a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies. Since the Plaintiffs have failed to allege any manifest defect and their vehicles perform in a satisfactory manner, the District Court was correct when it dismissed the Plaintiffs' Original Complaint.[8]

_____

[8]The Plaintiffs refer to several cases where various courts certified a class of plaintiffs pursuant to Fed. R. Civ. P. 23. In each case, the court refused to actually decide the sufficiency of the lost resale value claims. As the Fourth Circuit stated in *Carlson*, the "class certification decisions" are "singularly unhelpful" since none of the cases addressed the substantive question of whether a plaintiff claiming only lost resale value damages states a valid claim. *Carlson*, 883 F.2d at 297. Most of the courts explicitly reserved the question for a decision outside the context of a Rule 23 motion to certify a class. *Id.*

The Plaintiffs cite to *Alberti v. General Motors Corp.*, 600 F.Supp. 1026

While the Plaintiffs affirmatively state that they do not seek damages as a result of actual injury or property damage, they do allege that they have suffered economic harm in the form of lost resale value. The Plaintiffs insist that they have suffered damage because the ABS systems installed in their vehicles have diminished the vehicles' resale value. However, the Plaintiffs do not allege in the Original Complaint that any member of the purported class has actually sold a vehicle at a reduced value. The Plaintiffs also fail to state the amount of their damages. Apparently, the Plaintiffs seek to set their damages as the difference between a vehicle with the ABS system that they expected and the system that is actually installed in each of their vehicles.

The Plaintiffs' conclusory assertions that they, as a class, have experienced damages (and the method the Plaintiffs use to calculate the damages) are simply

_____

(D.D.C. 1985) as the "most renowned analysis in auto defect class cases." *Alberti*, another class certification decision, was later decided on the merits. The district court dismissed the case for failure to state a claim. *See Barbarin v. General Motors Corp.*, 1993 WL 765821, at \*1, 3-4 (D.D.C. 1993) (unpublished) ("This action was commenced in March, 1984, by a plaintiff named Alberti."). *Alberti's* status as a class certification decision coupled with the fact that the case was later dismissed on the merits bears out the fact that the Plaintiffs' polestar case provides little support for the proposition that a plaintiff states a viable claim when no defect has manifested itself.

The Plaintiffs have failed to address adequately the "defect manifestation" line of cases. The Plaintiffs' attempts to distinguish the cases that the District Court, GM, and KH have cited are insufficient and the District Court was correct when it dismissed the Plaintiffs' Original Complaint.

too speculative to allow this case to go forward. The Plaintiffs' assertion that their ABS-equipped vehicles are defective and that they have suffered a loss in resale value as a result of the defect is insufficient as a matter of law to plead a claim under any theory the Plaintiffs have advanced. Even construing all allegations in favor of the Plaintiffs, we find that the District Court was correct when it dismissed the Plaintiffs' Original Complaint for failure to state a claim.

## B. Denial of Rule 59 Motion to Amend

We review the District Court's decision refusing to amend a judgment pursuant to Rule 59 under an abuse of discretion standard. *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1994). "A District Court has broad discretion in determining whether to alter or amend judgment, and this court will not reverse absent a clear abuse of discretion." *Innovative Home Health Care v. P.T.-O.T. Associates*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Global Network Techs., Inc. v. Regional Airport Auth.*, 122 F.3d 661, 665 (8th Cir. 1997)). Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal. *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985). A district court does not abuse its discretion in denying a plaintiff leave to amend the pleadings to change the theory of their case after the complaint has been dismissed under Rule 12(b)(6). *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997); *Humphrey's v. Roche Biomedical Lab, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1983). The plaintiff must bear the consequences of waiting to address the court's rulings post-judgment. *First Nat'l Bank of Louisiville v. Continental Illinois Nat'l Bank &*

11

*Trust Co.*, 933 F.2d 466, 468 (7th Cir. 1991).

Following the District Court's dismissal of all claims against GM and KH on June 11, 1997, the Plaintiffs moved to amend the judgment and file an amended complaint on June 25, 1997. The District Court held that the motion to amend the judgment was moot in view of the Plaintiffs' failure to offer proof that the court had committed any manifest error of law or fact. Additionally, the Plaintiffs also failed to offer any newly discovered evidence. The District Court found the proposed amended complaint (Second Complaint) also failed to cure the flaws in the Original Complaint.

GM and KH assert that the Plaintiffs' decision to amend the pleadings post-judgment constitute a strategic "wait and see" approach. In the earlier stages of this litigation, before the case was transferred to the MDL Panel, Judge Schwartz denied a motion by the Plaintiffs to replead the claims. *Hubbard*, 1996 WL at 274018, at *7 ("The Court denies the plaintiff leave to replead [the original] claims for relief. "The underlying facts and circumstances relied upon by plaintiff are not a proper subject for [a Rule 59 motion]; therefore, an amended complaint asserting these claims would be without merit and futile."). Nonetheless, the Plaintiffs propose exactly these kind of changes in the Second Complaint.

The Plaintiffs' Second Complaint merely adds conclusory statements that allege that some of the Plaintiffs have suffered an accident and traded in their vehicles at a loss. Yet, the Plaintiffs continue their attempt to maintain a claim for an unmanifested vehicle defect on behalf of a nationwide class of car, truck, and

12

SUV owners. The Plaintiffs cannot advance a new theory of the case at this late stage, and certainly cannot continue as a purported nation-wide class of vehicle owners. An overwhelming majority of courts have dismissed these unmanifested defect claims and rejected the idea that the Plaintiffs can sue manufacturers for speculative damage. Consequently, the Second Complaint fails to state a claim.

## III. Conclusion

For the foregoing reasons, we affirm the District Court's decision to dismiss the Plaintiffs' Original Complaint. The Plaintiffs' claims for implied and express warranty, fraudulent misrepresentation, fraudulent concealment, and fraud in violation of state statutes are deficient because the Plaintiffs have failed to plead damages, an essential element of each claim. Consequently, the Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted. Additionally, we find that the District Court did not abuse its discretion when it denied the Plaintiffs' motion to amend judgment and file an amended complaint pursuant to Rule 59. The Second Complaint merely included perfunctory substantive and cosmetic changes. The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT