**Liesa RADFORD, Plaintiff,**

v.

**DAIMLER CHRYSLER CORPORATION, et. al, Defendants.**

**No. 3:01CV7001.**

United States District Court, N.D. Ohio, Western Division.

Sept. 6, 2001.

---

Michael D. Portnoy, Pheils & Wisniew-ski, Perrsburg, OH, for Plaintiff.

Margaret J. Lockhart, Cooper & Walin-ski, Toledo, OH, for Defendants.

### ORDER

CARR, District Judge.

In this case plaintiff seeks damages for the destruction of her car, which spontaneously caught fire. Plaintiff brings claims under the Ohio Revised Code, as well as the United States Code, on theories of strict liability and implied warranty. Additionally, plaintiff brings a claim under the Ohio Consumer Sales Practices Act. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. Pending is defendants' motion to dismiss. For the following reasons, defendants' motion shall be granted in part and denied in part.

### Background

On August 12, 1999, plaintiff purchased a used 1998 Dodge Stratus from Charlie's Dodge. (Doc. 22 at 5). On June 17, 2000, while parked and unattended, plaintiff's car caught on fire and was totally destroyed. (*Id.*). Plaintiff alleges the fire was caused by a defective instrument panel.

### Analysis

#### I. Strict Liability

Plaintiff brings counts I through IV of her second amended complaint on a theory

of strict liability. Ohio strict liability law has been codified in the Ohio Products Liability Act, O.R.C. § 2307.71 et. seq. While plaintiff's claims do not cite the Act, her claim of defect in manufacture or construction is covered by O.R.C. § 2307.74, her claim of design defect is covered by O.R.C § 2307.75, her claim of inadequate warning or instruction is covered by O.R.C. § 2307.76, and her claim of failure to conform to representations is covered by O.R.C. § 2307.77.

■ Plaintiff's claims under the Products Liability Act must fail because she has not alleged any harm for purposes of the Act. For liability to exist under the Act, a plaintiff must prove that the allegedly defective product was "a proximate cause of harm for which the [plaintiff] seeks to recover compensatory damages." O.R.C. §§ 2307.73(A)(2), 2307.78(A)(2). The Act defines harm as "death, physical injury to person, serious emotional distress, or physical damage to property other than the product involved. Economic loss is not 'harm.'" O.R.C. § 2307.71(G).

The only damage which plaintiff alleges is the loss of her car. Because the destruction of the car is damage to the allegedly defective product, not other property, no claim exists under the Products Liability Act. Plaintiff attempts to establish harm by asserting that only the allegedly defective instrument panel is the "product involved" and the rest of the car is other property. Such an argument is not well taken.

The Supreme Court has held that "integrated packages", rather than separate component parts, are the "product itself". *See East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 867, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986)

(finding that entire turbine engine, rather than the defective turbine alone, is the product at issue; "Since all but the very simplest of machines have component parts, a contrary holding would require a finding of 'property damage' in virtually every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict products liability.") (internal citations omitted); *see also Saratoga Fishing Co. v. J.M. Martinac & Co. and Marco Seattle Inc.,* 520 U.S. 875, 879, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997) ("When a manufacturer places an item in the stream of commerce by selling it to an initial user, that item is the 'product itself'").

In *Saratoga Fishing,* it was an entire ship, not just the defective hydraulic system, which was the product at issue. Likewise, here the product at issue is plaintiff's entire car, not just the allegedly defective instrument panel. Accordingly, as plaintiff has not alleged any harm as required by the statute, counts I, II, III, and IV shall be dismissed.

In count V, plaintiff seeks punitive damages on her strict liability claims. Because no cause of action exists, plaintiff's claim for punitive damages shall be dismissed.

## II. Magnuson–Moss Warranty Act

■ Plaintiff brings claims under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301, et. seq., in counts VI, VII, and VIII. To state a claim under the Act, plaintiff must plead and prove that, prior to filing suit, she provided defendant with an opportunity to cure the alleged breach, and that defendant refused to cure it. 15 U.S.C. § 2310(e). Defendant asserts plaintiff's claims under the Act must be dismissed because she has failed to allege that defendant was afforded the opportunity to cure the alleged defect, or that defendant refused to do so.

Plaintiff's complaint lacks any such allegations. Plaintiff does allege, however,

that defendant "was aware for years of the problems with these dangerous, defective instrument panels. . . ." (Doc. 22 at 6). Plaintiff cites *Albert v. General Motors Corp.*, 600 F.Supp. 1026 (D.D.C.1985), for the proposition that the "opportunity to cure the defect" pleading requirement is satisfied by an allegation that a defendant knew of the alleged defect at the time of sale. Because plaintiff has alleged defendant knew of the allegedly defective instrument panel at the time of sale of plaintiff's car, I find that plaintiff has met the pleading requirement of alleging defendant had an opportunity to cure the defect, and will not dismiss the claim on this ground.[1]

### III. Implied Warranty of Merchantability

In count IX, plaintiff brings a claim under O.R.C. § 1302.27 for breach of implied warranty of merchantability. To maintain this claim, plaintiff must plead and prove that she gave defendant notice of the alleged breach within a reasonable time after discovering it, "or be barred from any remedy." O.R.C. § 1302.65. Because plaintiff makes no allegation in her complaint that she provided defendant with such notice, she has failed to state a cause of action and count IX shall be dismissed.

### IV. Consumer Sales Practices Act

In count X plaintiff brings a claim under the Ohio Consumer Sales Practices Act, §§ 1345.02, 1345.03. The basis of her claim is that defendant allegedly failed to disclose to her that the vehicle had a defective instrument panel. As defendant asserts, however, Ohio caselaw holds that "[m]ere non-disclosure of a defect, without more, does not fall within the purview of deceptive or unconscionable practices prohibited by the Act." *Bierlein v. Bernie's Motor Sales, Inc.*, 1986 Ohio App. LEXIS 7181, *17.[2] Therefore, plaintiff's claim shall be dismissed.

### Conclusion

Therefore, it is hereby

**Ordered that**

1. Defendant's motion to dismiss counts I, II, III, IV, V, IX, and X, be, and hereby is, granted; and

2. Defendant's motion to dismiss counts VI, VII, and VIII be, and hereby is, denied.

**So Ordered.**

---

1. I note that the parties have already filed matters outside the pleadings that are relevant to the issue of defendant's knowledge. Because the claims under the Magnuson-Moss Act have not been briefed fully, I decline to consider the extrinsic evidence and convert defendant's motion to one for summary judgment.

2. I note that it would appear defendant did not engage in any sales practice with plaintiff, as it did not sell her the car at issue. Because plaintiff has failed to state a claim, regardless of whether defendant is properly subject to suit, I do not address this issue.