United States Court of Appeals

For the Eighth Circuit

_____

No. 19-3749

_____

Kathleen Uradnik

*Plaintiff - Appellant*

v.

Inter Faculty Organization; St. Cloud State University; Board of Trustees of the
Minnesota State Colleges and Universities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 16, 2021
Filed: June 16, 2021

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Kathleen Uradnik, a tenured professor, sued her employer (St. Cloud State
University), a faculty union (Inter Faculty Organization), and the institution that
governs Minnesota's public universities (Board of Trustees of the Minnesota State
Colleges and Universities) alleging First and Fourteenth Amendment violations.

The district court[1] granted summary judgment to the defendants on all Uradnik's claims. We affirm.

                                    I.

Uradnik has been a political science professor at St. Cloud State University ("University") for about twenty years. Inter Faculty Organization ("IFO") is a labor organization that represents faculty at Minnesota's public universities. Uradnik is not a member of the IFO and disagrees with many of its positions.

Under the Public Employment Labor Relations Act ("PELRA"), Minnesota divides its public employees into bargaining units and allows employees in each unit to designate an exclusive representative to bargain with their employers. *See* Minn. Stat. § 179A.06, subd. 2. Once a bargaining unit elects its representative, an employer must only negotiate employment terms and conditions with that representative. *See* Minn. Stat. §§ 179A.06, subd. 5; 179A.07, subd. 2. For other matters, PELRA gives public employees the right to meet and confer with their employers. *See* Minn. Stat. § 179A.07, subd. 3. In those sessions, the exclusive representatives speak for the employees. *See* Minn. Stat. § 179A.08, subd. 2.

Uradnik sued IFO, the University, and the Board of Trustees of the Minnesota State Colleges and Universities ("Board") in July 2018. Through Count I, she asserted that designating IFO as Uradnik's "exclusive representative" violates the First Amendment by wrongly compelling her to speak through and associate with an entity with which she disagrees. In Count II, she alleged that granting preferences to IFO members to serve on meet-and-confer committees "discriminate[s] against [her] and others who decline[d] to associate with the Union."

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Several months later, Uradnik sought an injunction against PELRA's exclusive-representation requirement. The district court rejected her request. In support, it cited *Minnesota State Board of Community Colleges v. Knight*, 465 U.S. 271 (1984), and our interim ruling in *Bierman v. Dayton*, 900 F.3d 570 (8th Cir. 2018), which both rejected claims similar to Uradnik's. We summarily upheld the district court's injunction denial.

IFO, the University, and the Board then moved for judgment on the pleadings, or alternatively, for summary judgment. The district court granted their motion. It held that *Knight* and *Bierman* foreclosed her First Amendment claims in Count I. The district court read Count II as a compulsory-association claim and rejected it on similar grounds. It also disagreed with Uradnik's contention that Count II amounted to an unconstitutional-conditions claim. In particular, the district court said that the complaint was not written as such, and she could not amend her complaint *sub silentio* through later filings without seeking leave. After judgment, Uradnik moved for leave to amend under Rule 59(e), which the district court denied. Uradnik now appeals.

## II.

We review the district court's grant of summary judgment de novo, viewing the record in the light most favorable to, and drawing all reasonable inferences for, Uradnik. *See Braun v. Burke*, 983 F.3d 999, 1002 (8th Cir. 2020). "Summary judgment is proper when there is no genuine dispute of material fact and the prevailing party is entitled to judgment as a matter of law." *Id.* (quoting *Jones v. Frost*, 770 F.3d 1183, 1185 (8th Cir. 2014)). We review the district court's decision to deny leave to amend for abuse of discretion and any underlying legal determinations de novo. *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010).

Because Uradnik properly concedes that the district court correctly rejected her compelled-speech claim (Count I), we affirm the district court's grant of

summary judgment on her Count I claims.  Like the district court, we are bound by precedent, and only the Supreme Court can provide the relief she seeks.  *See Knight*, 465 U.S. at 274, 278; *Bierman*, 900 F.3d at 574.

Otherwise, Uradnik mainly focuses her brief on challenging the district court's holding that she did not properly plead an unconstitutional-conditions claim in Count II of her complaint.  We affirm the district court.

The district court correctly rejected Uradnik's invitation to read Count II as an unconstitutional-conditions claim for three reasons.  First and foremost, the complaint's text does not support this reading.  The four most relevant paragraphs provide:

> 61.  By designating the Union as the exclusive representative to exercise meet and confer rights under Minnesota law and by awarding the Union the right to select individuals to *meet-and-confer committees* that, as a practical matter, exercise substantial influence over affairs at St. Cloud State University, the Agreement violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.
>
> 62.  These rights *discriminate against* the Plaintiff and others who decline to *associate with* the Union.
>
> 63.  These rights *attribute* the Union's *speech and petitioning* to the Plaintiff.
>
> 64.  These rights *restrict* the Plaintiff's *speech and petitioning*.

D. Ct. Dkt. 1 at ¶¶ 61–64 (emphasis added).  As the emphasized text shows, Uradnik's claim—as originally pled—alleged that IFO's exclusive representation of her through the meet-and-confer committees "discriminates against" her and violates

-4-

her First Amendment right to "decline to associate with" IFO. Count II's text does not say anything about unconstitutional conditions or the elements of such a claim. *See O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 717 (1996) (discussing the contours of an unconstitutional-conditions claim).

Second, there are inconsistencies in Uradnik's filings, which support the district court's view that Uradnik tried to amend her complaint through "briefs or in oral argument" rather than by "fil[ing] an amended complaint." For example, in describing the committee positions for Count II, her complaint refers to IFO "select[ing] individuals to meet-and-confer committees" and emphasizes that IFO making such selections "discriminate[s] against [Uradnik] and others who decline to associate with the Union." She did not say that the committee positions constitute official University jobs. But she later characterized those same committee positions as "official [University] jobs" and linked them to a host of employment benefits.

We see additional evidence of this inconsistency in Uradnik's notice of two constitutional challenges, which she filed five days after her complaint. *See* Fed. R. Civ. P. 5.1. In that notice, neither constitutional challenge remotely resembles an unconstitutional-conditions claim. The second challenge (presumably related to Count II) asked whether PELRA's provisions that "provide that labor unions may obtain the status of exclusive representatives and thus have the sole right to bargain on behalf of public employees in a bargaining unit[] impermissibly burden[] constitutional rights." That challenge, as originally alleged by Uradnik, aligns more closely to a discriminatory-association claim than an unconstitutional-conditions one. It seems that as the litigation progressed, Uradnik's view of Count II progressed, too: What began as a discriminatory-association claim ended as an unconstitutional-conditions claim.

Third, Count II—alleging that IFO's meet-and-confer rights under Minnesota law discriminate against her associational preferences—looks very similar to a claim brought by a different group of Minnesota professors in *Knight*. There, a group of non-union faculty members challenged the constitutionality of PELRA's meet-and-

-5-

confer process. 465 U.S. at 278. The *Knight* professors argued that "[b]y limiting participation in the 'meet-and-confer' forum to designees of the exclusive representative, [PELRA] discriminates among community-college faculty-members on the basis of their beliefs and associational preferences." The Supreme Court rejected this argument because union status did not prevent the professors from forming advocacy groups. *Id.* at 288–90. Because the *Knight* claim and Count II look alike—and the latter did not involve an unconstitutional-conditions claim—we view Count II as a discriminatory-association claim, rather than an unconstitutional-conditions claim.

Uradnik says that the district court mischaracterized Count II as a claim for "compulsory association" and then lumped it in with Count I, which it had already concluded was unlikely to succeed when it denied injunctive relief. We agree with Uradnik that the "compulsory association" label lacks clarity. Perhaps the label "discriminatory association" offers a more precise way to separate Count II from Count I's First Amendment claims. Labels aside, the district court correctly read Count II as a discriminatory-association claim based on the complaint's text, a comparison of earlier and later filings, and the parallels with the *Knight* claim. Thus, we affirm the unfavorable grant of summary judgment in favor of the defendants on Count II.[2]

Uradnik next challenges the district court's denial of her request for leave to amend her complaint, which she made in her Rule 59(e) motion to vacate the judgment. In the post-judgment context, a district court has "broad discretion in determining whether to alter or amend judgment, and [we] will not reverse absent a clear abuse of discretion." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999) (quoting *Innovative Home Health Care v. P.T.–O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Unexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court dismissed the

---

[2]Because we decline to read Count II as an unconstitutional-conditions claim, we need not reach that claim's merits.

claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed." *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (cleaned up). Plaintiffs "must bear the consequences of waiting to address the court's rulings post-judgment." *Briehl*, 172 F.3d at 629.

Here, Uradnik only sought leave after her complaint failed. She delayed even though the defendants told her that they planned to move for judgment on the pleadings and for summary judgment. When the party knew of the need to change the pleadings and then had her claim dismissed, "[u]nexcused delay is sufficient to justify" the denial of leave to amend. *Horras*, 729 F.3d at 804. And Uradnik has given no concrete reason why she waited to seek leave until after her claims failed. Thus, we conclude that the district court did not abuse its discretion by denying her Rule 59(e) motion.

## III.

For the foregoing reasons, we affirm the district court's judgment.

_____