Kenneth **WEAVER**, on Behalf of Himself and All Others Similarly Situated, Plaintiff,

v.

**CHRYSLER CORPORATION**, Defendant.

No. 96 Civil 2245 (DAB).

United States District Court, S.D. New York.

March 27, 1997.

98

Milberg Weiss Bershad Hynes & Lerach, L.L.P., Stephen H. Schwartz, Robert A. Wallner, New York City, for Plaintiff.

Cooper, Liebowitz, Royster & Wright, Christopher M. Hohn, Charles A. Newman, Roman P. Wuller, Elmsford, NY, for Defendant.

### MEMORANDUM AND ORDER

BATTS, United States District Judge.

Plaintiff, Kenneth Weaver, brings this action on behalf of the putative class of all owners and lessees of certain vehicles manufactured by Defendant Chrysler Corporation ("Chrysler") and equipped with allegedly defective integrated child safety seats. Plaintiff's Amended Complaint alleges four causes of action: common law fraud, negligent misrepresentation, breach of implied warranty, and violation of the New York Consumer Protection Act. Defendant moves to dismiss all the counts in the Amended Complaint upon various grounds. For the reasons set forth below, Defendant's motion is granted.

### I. BACKGROUND

Chrysler, one of the nation's largest manufacturers of automobiles, is a Delaware corporation with its primary place of business in Michigan. (Am.Compl.¶ 3.) From at least 1993–95, Chrysler manufactured vehicles equipped with integrated child safety seats containing shoulder belt clips. (Am. Compl.¶¶ 2, 12.) The integrated child seats were part of a marketing strategy designed to emphasize the convenience and safety of Chrysler's vehicles. (Am.Compl.¶ 10.) Plaintiff alleges that the shoulder belt clips on the integrated child seats in Chrysler's vehicles are defective, in that they improperly unlatch and separate. (Am.Compl.¶ 10.)

In 1993, Plaintiff, a citizen of California, purchased a Plymouth Voyager, a vehicle manufactured by Chrysler, allegedly relying on representations, advertising, and other promotional materials prepared and approved by Chrysler. (Am.Compl.¶¶ 2, 14.) Some of Chrysler's advertising and promotions were done through media based in New York. (Am.Compl.¶ 2.) Plaintiff alleges that Chrysler spent millions of dollars in advertising the purported quality of its vehicles, but failed to warn the public of the defective shoulder belt clip on the integrated child seat. (Am.Compl.¶¶ 3, 13.) Plaintiff contends that Chrysler was in a "superior position" to know of the defect in the child

seat through design and test data and field reports. (Am.Compl.¶ 16.)

Chrysler has denied the existence of any defect in the integrated child seat, but has discontinued the use of the shoulder belt clip and now uses, as of model-year 1996, a shoulder belt clip with a central buckle. (Am. Compl.¶ 10.) Chrysler attributes any problems that consumers experienced with its child seats to consumer unfamiliarity with a novel design. (Am.Compl.¶ 11.) Chrysler has not recalled any of the vehicles equipped with the allegedly defective integrated child seat. (Am.Compl.¶ 12.)

Plaintiff has brought suit on behalf of the putative class of owners and lessees of Chrysler vehicles equipped with the defective child seat, alleging fraud, negligent misrepresentation, breach of implied warranty, and violation of the New York Consumer Protection Act. Defendants move to dismiss all four counts of the Amended Complaint, alleging that Plaintiff has failed to state a claim and has failed to plead fraud with particularity.

## II. DISCUSSION

### A. Failure to State a Claim

Defendants move to dismiss all the counts of the Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the Court must read the Complaint generously, accepting as true the factual allegations in the Complaint and drawing all inferences in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). The Court should deny the motion "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Because a 12(b)(6) motion is used to assess the legal feasibility of a Complaint, a Court should not "assay the weight of the evidence which might be offered in support thereof." *Ryder Energy*

*Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (1984). Rather, the Court must limit its consideration to the facts that appear on the face of the Complaint. *Id.*

### 1. Fraud, Negligent Misrepresentation and Breach of Warranty Claims

■ Defendant argues that Plaintiff has failed to plead any damages, and that damages are an essential element of claims for fraud, negligent misrepresentation, and breach of warranty, Counts I, II, and III respectively of Plaintiff's Amended Complaint. (Def.'s Mem. Law at 6–14.) *See, e.g.*, *Buckman v. New York on Location, Inc.*, 1996 WL 578245, at *3 (S.D.N.Y. Oct. 7, 1996) (stating elements of breach of warranty claim); *Garcia v. Spanish Broadcasting System, Inc.*, 1993 WL 177936, at *2–3 (S.D.N.Y. May 17, 1993) (stating elements for fraud and negligent misrepresentation claims). Specifically, Defendant contends that because Plaintiff has not alleged that the child seat in *his* vehicle malfunctioned or is defective, he has failed to allege any actual damage and, thus, has not stated a claim. (Def.'s Mem. Law at 6, 8, 11.) Plaintiff maintains that he has sufficiently pleaded damages, in that the Amended Complaint alleges that he paid more for his vehicle than he would have had he known of the defect. (Am. Compl. ¶ 14; Pl.'s Mem. Law at 11.)

Accepting the factual allegations in the Amended Complaint as true and drawing all inferences in favor of the Plaintiff, the Court finds that Plaintiff has failed to state a claim for fraud, negligent misrepresentation, and breach of warranty because he has not sufficiently pleaded damages. It is well established that "[p]urchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." *Hubbard v. General Motors Corp.*, 1996 WL 274018, at *3 (S.D.N.Y. May 22, 1996); *see also Yost v. General Motors Corp.*, 651 F.Supp. 656, 657 (D.N.J.1986) (Complaint alleging design defect that was likely to cause damage and create safety hazard did not state cause of action); *Feinstein v. Firestone Tire and Rubber Co.*, 535 F.Supp. 595, 603

(S.D.N.Y.1982) (no cause of action where alleged defect in tires never manifested itself); *Barbarin v. General Motors Corp.*, 1993 WL 765821, at *2 (D.D.C. Sept. 22, 1993) (dismissing claims of Plaintiffs whose cars never malfunctioned). Where, as here, a product performs satisfactorily and never exhibits the alleged defect, no cause of action lies. *Hubbard*, 1996 WL 274018, at *3. Plaintiff's allegation of possible economic loss fails to plead adequately the required damages element for fraud, negligent misrepresentation, and breach of warranty. Accordingly, Counts I, II, and III of the Amended Complaint, alleging fraud, negligent misrepresentation, and breach of warranty respectively, are hereby dismissed for failure to state a claim.

### 2. New York Consumer Protection Act Claim

■ Plaintiff's remaining claim, Count IV of the Amended Complaint, seeks relief under the New York Consumer Protection Act, codified at Section 349 of the New York General Business Law. Section 349(a) provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state* are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a) (McKinney 1995) (emphasis added). To state a claim under the Consumer Protection Act, Plaintiff must allege deceptive acts or practices that occurred within New York State. *Nardella v. Braff*, 621 F.Supp. 1170, 1173 (S.D.N.Y.1985).

Plaintiff has failed to allege any deceptive acts or practices by Chrysler that occurred within New York State. Plaintiff alleges that Chrysler conducts business in New York and advertises through media based here (Am.Compl.¶ 3.), but the Amended Complaint is devoid of any allegations of deceptive acts or practices that would fall within the Consumer Protection Act. It appears that Plaintiff's only act, the purchasing of Defendant's vehicle, occurred in California, although the Amended Complaint is unclear on this point. (Am.Compl.¶ 2.)

■ Plaintiff has also failed to plead a cause of action under the Consumer Protection Act because his allegations are based upon "information and belief." In pleading a claim under the Consumer Protection Act, a Plaintiff is required to set forth specific details regarding the allegedly deceptive acts or practices. *Tinlee Enter., Inc. v. Aetna Cas. & Sur. Co.*, 834 F.Supp. 605, 609–10 (E.D.N.Y.1993). In *Tinlee*, the Court granted Defendant's motion to dismiss where Plaintiff's claim under the Consumer Protection Act was pleaded upon information and belief, lacked specificity, and alleged mere conclusions. *Id.* at 610. Because Plaintiff's allegations are founded upon information and belief and lack specificity, Plaintiff has failed to plead adequately a claim under the Consumer Protection Act.

In sum, Plaintiff has failed to state a claim under the New York Consumer Protection Act. Plaintiff fails to allege any deceptive acts or practices that occurred within New York, and his claim is pleaded upon information and belief and lacks the required specificity. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim under the Consumer Protection Act, Count IV of the Amended Complaint, is granted.

### B. Failure to Plead Fraud with the Required Particularity

■ Defendant also moves, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss the fraud count, Count I, of the Amended Complaint. Rule 9(b) requires that in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). This heightened pleading requirement is designed to (1) provide a Defendant with notice to enable her to prepare a defense; (2) protect a Defendant against harm to her reputation or goodwill; and (3) deter strike suits. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). Because Rule 9(b) requires a Plaintiff to go on the record as to the specific nature of the fraud, *Carlucci v. Owens–Corning Fiberglas Corp.*, 646 F.Supp. 1486, 1489 (E.D.N.Y.1986), allegations of fraud may not be based upon information and belief. *DiVittorio*, 822 F.2d at 1247. There is, however, a recognized exception to this rule. When the facts underlying the fraud are peculiarly within the opposing party's knowledge, a Complaint

may be based upon information and belief. *Id.* But even in those circumstances, the pleader still bears the burden of alleging the facts upon which her belief is founded. *Id.* at 1248.

■ To fulfill Rule 9(b)'s particularity requirements, a Complaint must specify the time, place, speaker, and content of the alleged misrepresentation. *DiVittorio,* 822 F.2d at 1247. (citing *Luce v. Edelstein,* 802 F.2d 49, 52 (2d Cir.1986)). In cases where the alleged fraud consists of an omission and the Plaintiff is unable to specify the time and place because no act occurred, the Complaint must still allege what the omissions were, the person responsible for failing to disclose, the context of the omission and the manner in which it misled Plaintiff, and what Defendant obtained through the fraud. *Adler v. Berg Harmon Assoc.,* 816 F.Supp. 919, 924 (S.D.N.Y.1993); *Gould v. Berk & Michaels, P.C.,* 1991 WL 152613, at *3 (S.D.N.Y. July 29, 1991).

■ In pleading a Defendant's state of mind, Rule 9(b) provides that "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R.Civ.P. 9(b). This relaxation of Rule 9(b)'s particularity requirement is not, however, a "license to base claims of fraud on speculation and conclusory allegations." *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir.1995). While scienter may be averred generally, "plaintiffs are still required to plead the factual basis which gives rise to a strong inference of fraudulent intent." *Fischer v. Tynan,* 1993 WL 213025 at *2 (S.D.N.Y. June 16, 1993) (quoting *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990)).

■ Reading the Complaint generously and drawing all inferences in favor of the pleader, as this Court must do when deciding a Rule 9(b) motion, *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989), the Court finds that Plaintiff has failed to plead fraud with the required particularity. Plaintiff pleads the entire Complaint, with the exception of paragraph two, upon information and belief, in disregard of Rule 9(b)'s particularity requirements. *DiVittorio,* 822 F.2d at 1247. While

pleading fraud upon information and belief is permitted where the facts are "peculiarly within the opposing party's knowledge," *DiVittorio,* 822 F.2d at 1247, Plaintiff has failed to establish that the narrow exception applies here. Plaintiff contends that Chrysler advertised and publicly disseminated false and misleading information about the safety and quality of its vehicles. (Am.Compl.¶¶ 11, 13–14, 16.) Thus, Plaintiff admits that the facts underlying his claim are within the public domain and are not peculiarly within Chrysler's knowledge. Since the narrow exception to pleading fraud upon information and belief does not apply here, Plaintiff has failed to satisfy Rule 9(b)'s particularity requirements.

Plaintiff has also failed to specify the time, place, and content of the alleged fraudulent statements. Plaintiff states that he purchased his vehicle in "reliance on representations, advertisements and other promotional materials prepared and approved" by Chrysler. (Am.Compl.¶ 2.) The Amended Complaint fails, however, to specify the content of the representations, advertisements, and promotions. Additionally, Plaintiff does not indicate where the statements were made. While Plaintiff alleges that he is a California citizen and that Chrysler advertises through media based in New York, (Am.Compl.¶¶ 2–3.), he does not specify if the representations, advertisements, and promotions he relied upon where made in California, New York, or elsewhere. Finally, the Amended Complaint also fails to specify the time period during which the alleged fraudulent statements were made. Plaintiff alleges that he purchased a model-year 1993 vehicle from Defendant, (Am.Compl.¶ 2.), but he fails to specify the period during which he read, saw, or heard Chrysler's representations, advertisements and promotional materials.

■ Plaintiff argues that he is unable to specify the time, place, and content of the fraudulent statements because he is alleging fraud by omission, and one cannot specify the time, place, and content of a failure to act. (Pl.'s Mem. Law at 7–8.) Plaintiff's argument is misplaced. When pleading fraud by omission, Rule 9(b) requires the movant to specify the context in which the omission was made and the manner in which it misled

Plaintiff. *Adler*, 816 F.Supp. at 924; *Gould*, 1991 WL 152613, at * 3. To identify the context in which the omission here was made and the manner.it which it misled Plaintiff, Plaintiff would have to specifically identity the representations, advertisements, and promotional materials that omitted the reference to the defective child seats, misled him, and upon which he relied. *See, e.g., In Re Ford Motor Co. Bronco II Products Liability Litigation*, 1995 WL 491155, at *6 (E.D.La. Aug. 15, 1995) (Rule 9(b) dismissal of fraud by omission claim where Plaintiffs failed to allege contents of auto manufacturer's advertisements). Under the facts presented here, Plaintiff is required to specify the time, place, and content of Chrysler's representations, advertisements, and promotional materials. Since Plaintiff has failed to do so, he has failed to meet Rule 9(b)'s pleading requirements.

The Amended Complaint also fails to plead adequately scienter. Although Rule 9(b) allows scienter to be averred generally, Plaintiffs must still "plead the factual basis which gives rise to a strong inference of fraudulent intent." *Fischer*, 1993 WL 213025, at *2. Plaintiff alleges that Chrysler was in a "superior position to know the true facts of the hidden defect based on, *inter alia*, design and test data and field reports." (Am. Compl.¶ 16.) Plaintiff fails, however, to identify the data and field reports and their contents and to allege any other factual basis that would give rise to a strong inference of fraudulent intent. As such, Plaintiff has failed to plead scienter with the required particularity.

In sum, Plaintiff fails to plead fraud, Count I of the Amended Complaint, with particularity as required by Rule 9(b). The Amended Complaint, with the exception of paragraph two, is pled entirely upon information and belief. Plaintiff has failed to specify the time, place and content of the alleged misrep-

resentations or the context in which any omissions were made. Finally, Plaintiff fails to plead scienter with the required particularity. Accordingly, the Amended Complaint, as is, lacks sufficient detail to support the claim of fraud.

## C. Leave to Amend

 In opposing Defendant's Motion to Dismiss, Plaintiff requests, in the alternative, leave to amend should the Court find that Plaintiff has failed to state a claim. (Pl.'s Mem Law at 24.) Rule 15(a) of the Federal Rules of Civil Procedure provides that permission to amend a pleading "shall be freely given." Fed.R.Civ.P. 15(a). "[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cohen v. Citibank*, 1997 WL 88378, at * 2 (S.D.N.Y. Feb. 28, 1997); *Intermetals Corp. v. M/V Arctic Confidence*, 1993 WL 312903, at *1 (S.D.N.Y. Aug. 12, 1993). Absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the futility of the amendment, a Plaintiff should be granted leave to replead. *Protter v. Nathan's Famous Sys., Inc.*, 904 F.Supp. 101, 111 (E.D.N.Y.1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

Defendant has not made a showing that granting Plaintiff leave to amend would result in undue delay or prejudice, or that Plaintiff's request is motivated by bad faith or dilatory tactics. Nor can this Court ascertain, without examining the second Amended Complaint, whether any amendment would be futile. *Acito*, 47 F.3d at 55. Therefore, Plaintiff is hereby granted leave to file a second Amended Complaint. With regard to any amendment, Plaintiff is cautioned against perfunctory substantive or cosmetic changes. *Protter*, 904 F.Supp. at 111.[1]

1. The Court notes with approval Judge Leisure's thoughtful comments in *Spier v. Erber*, 1990 WL 71502, at *10 n. 8 (S.D.N.Y. May 24, 1990): [I]t has become an all too common practice for litigants granted leave to replead to make only minor changes in the original complaint based on an overly restrictive reading of the dismissing court's order, prompting a second motion to dismiss. An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11. Conversely, a renewed Rule 9(b) motion [to dismiss] after an adequate and thorough repleading can also be viewed as frivolous.
While Judge Leisure's comments are specifically directed at repleading a fraud claim, failure to

## III. CONCLUSION

Defendant's Motion to Dismiss the fraud, negligent misrepresentation, breach of warranty, and New York State Consumer Protection Act counts, Counts I, II, III, and IV of the Amended Complaint respectively, for failure to state a claim is GRANTED. Defendant's Motion to Dismiss the fraud claim, Count I of the Amended Complaint, for failure to plead fraud with the required particularity is GRANTED. Plaintiff's motion seeking leave to file a second Amended Complaint is GRANTED. Plaintiff shall file his second Amended Complaint, in accord with this Court's decision, within twenty (20) days of the date of this Order.

**SO ORDERED.**

repleaded adequately any cause of action may subject a party to Rule 11 sanctions. *See, e.g., Corren v. New York University*, 1987 WL 28640, at *2 n. 3 (party repleading claim under the Clean Air Act subject to Rule 11 sanctions). In the event that Plaintiff files a second Amended Complaint that is insufficiently pled or not in accord with this Court's decision, the Court may, on motion, take appropriate action.