**Kenneth WEAVER On Behalf of Himself and All Others Similarly Situated, Plaintiff–Appellee,**

v.

**CHRYSLER CORPORATION, now known as DaimlerChrysler Corp., Defendant–Appellant,**

**Bryan CAVE LLP, Appellant.**

No. 98–9233.

United States Court of Appeals, Second Circuit.

July 26, 2001.

Michael P. Armstrong, Kirkpatrick & Lockhart, New York, NY, for appellant Bryan Cave LLP.

Robert A. Wallner, Milberg, Weiss, Bershad, Hynes & Lerach, New York, NY, for appellee.

Present CARDAMONE, PARKER and CUDAHY *, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

---

* The Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh Cir-    cuit, sitting by designation.

AND DECREED that the decision of said district court be and it hereby is VACATED and REMANDED.

Defendant Appellant Chrysler Corporation and Appellant Bryan Cave LLP (collectively, "Appellants") appeal from the August 14, 1998 memorandum and order of the district court in which the court denied Appellants' motion for sanctions and granted Plaintiff Appellee Kenneth A. Weaver's motion for sanctions.

In 1996, Plaintiff filed an action in the district court on behalf of a putative class of owners and lessees of certain minivans manufactured by Chrysler Corporation, alleging various state law claims. In a memorandum and order dated March 27, 1997, the court granted Chrysler's motion to dismiss Plaintiff's Amended Complaint. *Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y.1997). The following December, Chrysler moved for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, for filing a frivolous class action. Plaintiff's counsel opposed the motion, and cross-moved for sanctions. In a memorandum and order dated August 14, 1998, the court denied Chrysler's motion and granted Plaintiff's cross-motion. *Weaver v. Chrysler Corp.*, No. 96 Civ. 2245(DAB), 1998 WL 477725, at *1 (S.D.N.Y. Aug.14, 1998).

We review the district court's decision to impose sanctions for abuse of discretion. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir.2000) (citing *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 154 (2d Cir. 1997)). To impose sanctions under 28 U.S.C. § 1927, "the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79 (quoting *Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir .1997)).

The district court did not reach the question of whether Chrysler's motion was "entirely meritless." Nor did it discuss in sufficient detail its reasons for concluding that Chrysler's motion was made "for improper purposes." We therefore retain jurisdiction over this appeal while vacating the order and remanding to the district court for additional findings and reasoning as appropriate, in accordance with this order. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).

For the reasons set forth above, the judgment of the district court is VACATED and REMANDED.