**Kenneth WEAVER, On Behalf of Himself and All Others Similarly Situated, Plaintiff–Appellee,**

v.

**CHRYSLER CORPORATION, now known as DaimlerChrysler Corp., Defendant–Appellant,**

**Bryan Cave LLP, Appellant.**

No. 98–9233.

United States Court of Appeals,
Second Circuit.

May 26, 2004.

Michael F. Armstrong, Kronish Lieb Weiner & Hellman LLP, New York, NY, for Appellant Bryan Cave LLP.

Robert A. Wallner, Milberg, Weiss, Bershad, Hynes & Lerach, New York, NY, for Appellee.

Present: CARDAMONE, F.I. PARKER,* and CUDAHY,** Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal, previously vacated, is hereby reactivated, Appellants' request to supplement the record is denied, our earlier order of July 26, 2001 vacating and remanding the district court's order of August 14, 1998 is rescinded, and, in light of additional findings by the district court, the decision of said district

---

* Hon. Fred I. Parker, who was a member of the panel, died on August 12, 2003. Prior to his death he fully participated in the consideration and decision of the motion to reinstate the appeal and supplement the record and prepared this order, in which the two remaining members of the panel are in agreement. *See* Local Rule § 0.14(b).

** The Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh Circuit, sitting by designation.

court set forth in the August 14, 1998 order is AFFIRMED.

## A. *Procedural History*

In February 1996, Plaintiff–Appellee Kenneth Weaver ("Appellee") filed an action in the United States District Court for the Southern District of New York on behalf of a putative class of owners and lessees of certain minivans manufactured by Defendant–Appellant Chrysler Corporation ("Chrysler"). The action alleged various state law claims.

On April 26, 1996, Chrysler moved to dismiss Appellee's Amended Complaint, which the district court (Deborah A. Batts, *Judge* ) granted in a Memorandum and Order dated March 27, 1997 ("Dismissal Order"). *See Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y.1997).

On December 4, 1997, Chrysler moved for sanctions against Appellee's counsel pursuant to 28 U.S.C. § 1927, on grounds that Appellee filed a frivolous class action. Appellee's counsel opposed the motion, and cross-moved for sanctions pursuant to Section 1927 on grounds that Chrysler's motion was frivolous and vexatious.

In a Memorandum and Order dated August 14, 1998 ("Sanctions Order"), the district court denied Chrysler's motion, granted Appellee's cross-motion, and imposed sanctions on Chrysler and its counsel, Bryan Cave LLP. *Weaver v. Chrysler Corp.*, No. 96 Civ. 2245(DAB), 1998 WL 477725, at *1 (S.D.N.Y. Aug. 14, 1998). Chrysler and Bryan Cave LLP (collectively "Appellants") appealed to this Court.

On July 26, 2001, while maintaining jurisdiction over the appeal, this Court entered judgment vacating the district court's Sanctions Order and remanding the case to the district court for "additional findings and reasoning as appropriate, . . ." *Weaver v. Chrysler Corp.*, No. 98–9233, 2001 WL 868672 (2d Cir. July 26, 2001) ("Informal Remand Order") (citing *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994)) (discussing this Court's use of informal remand orders). Specifically, this Court held that "the district court did not reach the question of whether Chrysler's motion was 'entirely meritless' . . . [n]or did it discuss in sufficient detail its reasons for concluding that Chrysler's motion was made 'for improper purposes.' " *Id.*

On remand, the district court issued an Order ("Supplemental Findings Order"), dated November 6, 2001, setting forth additional factual findings supporting its imposition of sanctions. Appellants moved, pursuant to Fed.R.Civ.P. 60(b)(6), for reconsideration of the district court's Supplemental Findings Order in light of new documentary evidence, specifically, an affidavit from Chrysler's counsel with exhibits purportedly demonstrating that its motion for sanctions was not improperly motivated. The district court reviewed and considered Chrysler's documents, but nonetheless denied the motion for reconsideration by Order dated May 20, 2002 ("Reconsideration Order"). *Weaver v. Chrysler Corp.*, No. 96–2245 (S.D.N.Y. May 20, 2002).

By letter dated July 2, 2002, Appellants requested this Court to reactivate its appeal and to permit supplementation of the record with documents relating to Appellants' motion for reconsideration.

As an initial matter, we informally remanded this case to the district court while retaining appellate jurisdiction over it. Finding all conditions satisfied for restoring appellate jurisdiction, we now reactivate this appeal.

■ Addressing Appellants' request to supplement the record on appeal, we acknowledge that Fed. R.App. P. 10(e) permits supplementation when it will "clarif[y]

our understanding of the process by which the District Judge reached the decision challenged on appeal." *Salinger v. Random House, Inc.,* 818 F.2d 252, 253 (2d Cir.1987) (per curiam). The documents offered by Appellants address the limited issue of whether the *timing* of its motion for sanctions evinces an improper or vexatious motivation. The district court considered the documents and made clear that, although the timing of the motion was a factor it considered, it was but part and parcel to a "confluence of circumstances" which led it to conclude that sanctions were warranted. *Weaver v. Chrysler Corp.,* No. 96–2245 at 2 (S.D.N.Y. Nov. 6, 2001). Because we find that the record amply supports the district court's conclusion and supplementation of the record would not serve to clarify our understanding at this stage, Appellants' request to supplement is denied.

Finally, in light of the district court's additional findings and articulated reasoning, we find that the district court did not abuse its discretion when it imposed sanctions on Appellants pursuant to 28 U.S.C. § 1927. *See Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 78 (2d Cir. 2000) (citing *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 154 (2d Cir.1997)). Any shortcomings apparent in the district court's Sanctions Order were adequately addressed in its Supplemental Findings Order. Accordingly, we rescind our Informal Remand Order and affirm the district court's Sanctions Order.

For the reasons set forth above, the August 14, 1998 Sanctions Order of the district court is AFFIRMED.