**April C. MITCHELL, Plaintiff–Appellant,**

v.

**COMMUNITY CARE FELLOWSHIP, Defendant–Appellee.**

No. 00–6402.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit Judges; ROBERTS, District Judge.*

### ORDER

April C. Mitchell, a Tennessee resident proceeding pro se, appeals a district court order dismissing her civil action pursuant to 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 30, 2000, Mitchell filed a complaint against Community Care Fellowship, a facility for the care of homeless people. In her unintelligible complaint, Mitchell alleged that she "was subjected to intimidation with intent to harm, intimidation by assault, with wanton injury and loss." Mitchell also alleged that she had been subjected to harassment and discrimination.

The district court dismissed Mitchell's complaint for failure to state a claim upon which relief may be granted. Construing Mitchell's post-judgment pleading entitled "Resubmissions" as a motion for reconsideration, the district court subsequently denied reconsideration. Mitchell has filed a timely appeal.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

Upon review, we conclude that Mitchell's complaint fails to state a claim upon which relief may be granted and was properly dismissed by the district court. *See id.* A complaint must contain " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Mitchell's complaint contains no factual allegations in support of her apparent claims of intimidation,

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

**514**

harassment, and discrimination. Thus, even under the most liberal construction, Mitchell's complaint does not state a claim for relief.

■ In her appellate brief, Mitchell apparently contends that the district court improperly construed her post-judgment pleading entitled "Resubmissions" as a motion for reconsideration rather than an amended complaint. A motion to amend a complaint may be considered by the district court even though judgment has already been entered. *See Newark Branch, NAACP v. Town of Harrison,* 907 F.2d 1408, 1417 (3d Cir.1990); *Dorn v. State Bank of Stella,* 767 F.2d 442, 443 (8th Cir.1985); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, even if the district court had construed Mitchell's post-judgment pleading as a motion to amend her complaint, the motion was properly denied because the pleading submitted by Mitchell did not contain any further factual allegations or otherwise correct the deficiencies of the original complaint, as pointed out in the district court's July 10, 2000, order. Thus, the post-judgment pleading could not have corrected the complaint's deficiency and, even if it had been construed as a motion to amend, was properly denied by the district court. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041–42 (6th Cir.1991).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.